# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| In re Bankruptcy of | ) | Chapter 7 |
| | ) | |
| Brian J. Burda, | ) | Case No. 11 B 80797 |
| | ) | |
| Debtor | ) | Honorable Judge Manuel Barbosa |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

FirstMerit Bank, N.A., as successor in interest to Midwest Bank and Trust Company ("FirstMerit"), by its attorneys, Aronberg Goldgehn Davis & Garmisa, respectfully moves this Honorable Court to grant it relief from the Automatic Stay, and in support thereof, states as follows:

1. Debtor was at the time of the transactions described below, and is still today, the record owner of a parcel of real property commonly known as Lot 39, Calais Ct., Cary, IL 60013 (the "Property").

2. On or about April 11, 2007, Debtor and Rachael Burda[1], borrowed $86,482.22 from Midwest Bank for business purposes ("Loan"). The Loan is evidenced by a Note dated April 11, 2007 ("Original Note") in the principal amount of $86,482.22. A true and accurate copy of the Original Note is attached hereto as **Exhibit A**.

3. Contemporaneously with the execution of the Original Note, Debtor executed a mortgage in favor of Midwest Bank ("Mortgage") on the Property to secure the Note. A true and accurate copy of the Mortgage is attached hereto as **Exhibit B**.

---

[1] Debtor and Rachael Burda were married at the time of the Original Note and First Renewal Note, but have since divorce. Please see McHenry Case No. 09 DV 1030

4. On or about April 11, 2008, the Original Note was restated and replaced by a note in the principal amount of $86,482.22 ("First Renewal Note"). A true and accurate copy of the First Renewal Note is attached hereto as **Exhibit C**.

5. On or about March 30, 2009, the First Renewal Note was restated and replaced by a note in the principal balance of $86,482.22 ("Second Renewal Note"). A true and accurate copy of the Second Renewal Note is attached hereto as **Exhibit D**.

6. On or about March 29, 2010, the Loan was restated and replaced by a loan in the amount of $86,482.22. The Loan is evidenced by a Promissory Note from Debtor to Midwest Bank dated March 29, 2010 ("Final Renewal Note") in the principal balance of $86,482.22.

7. The Final Renewal Note required Debtor to make equal monthly payments of principal and interest in the amount of $561.84 beginning on April 29, 2010 and continuing on the same day of each month thereafter for eleven months with a final payment of principal and interest on March 28, 2011.

8. Debtor has failed and refused to make any of the required monthly payments under the Final Renewal Note from and after April 29, 2010. This failure and refusal constitutes a default under the Final Renewal Note and the Mortgage.

9. On or about December 22, 2010, FirstMerit filed a complaint against, *inter alia*, Debtor, in the Circuit Court of McHenry County, Case No. 10 CH 3667 ("Complaint"). The Complaint seeks to foreclose the Mortgage.

10. As of February 28, 2011, the collective payoff amount of the liens under all of the Note and Mortgage totals approximately _____, plus attorneys' fees and costs

11. Under Section 362(d)(1) of the Bankruptcy Code, FirstMerit is entitled to terminate, annul, modify or condition the automatic stay to proceed with any and all proceedings related to the Property to enforce the Mortgage because FirstMerit lacks adequate protection of its interests in the Property, and therefore, cause exists to lift the automatic stay.

12. In addition, FirstMerit is entitled to relief from the automatic stay pursuant to Section 362(d)(2) of the Bankruptcy Code (11 U.S.C. 362(d)(2)) because the Debtor does not have any non-exempt equity in the Property, as the current value of the Property is less than the payoff amount of the Final Renewal Note secured by the Mortgage.

13. FirstMerit further requests an order from the court that the ten (10) day stay provision of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is waived.

14. The Required Statement to Accompany all Motions for Relief of Stay is attached hereto as **Exhibit E**. A Proposed Order is attached as **Exhibit F**.

WHEREFORE, FirstMerit Bank, N.A., as successor in interest to Midwest Bank and Trust Company respectfully requests that this Honorable Court grant it relief from the automatic stay so that it may be permitted to proceed with any and all proceedings related to the real property commonly known as Lot 39, Calais Ct., Cary, IL 60013, and that the Court grant it any other and further relief which it deems just and equitable.

    FirstMerit Bank, N.A., as successor in interest to Midwest Bank and Trust Company

    By: /s/ Angela C. Morrison
        One of its attorneys

William J. Serritella, Jr. (#6210001)
Angela C. Morrison (#6300372)
Aronberg Goldgehn Davis & Garmisa
330 North Wabash- Suite 1700
Chicago, Illinois 60611
312-828-9600